## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

NIURKA CRUZ, individually and on
behalf of all others similarly situated,

     Plaintiff,

vs.                                                                          **CLASS ACTION**

PERFORMANT RECOVERY, INC.,
a California corporation, formerly known
as "Diversified Collection Services, Inc.,"

     Defendants.
_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

     Plaintiff, Niurka Cruz, an individual, on behalf of herself and all others similarly situated,

sues Defendant, Performant Recovery, Inc., a California corporation, formerly known as

"Diversified Collection Services, Inc.," and alleges:

### I.  PRELIMINARY STATEMENT

     1.    This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more

commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), and the Florida Consumer

Collection Practices Act,  Florida Statute §559.55 *et. seq.*("FCCPA"), which prohibit debt

collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

     2.    The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C.

§1331.

3.      This Court has jurisdiction over the Defendant and venue in this Court is proper as the acts complained of occurred in this state and because the Plaintiff and Class Members are residents of Florida.

### III.  ALLEGATIONS AS TO PARTIES

4.      Plaintiff, Niurka Cruz ("Ms. Cruz"), is *sui juris* and a resident of Miami-Dade County, Florida.

5.      At all times material hereto, Defendant, Performant Recovery, Inc. ("Performant Recovery"), was a California corporation engaged in the collection of consumer debts.

6.      Performant Recovery is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

### IV.  FACTUAL ALLEGATIONS

7.      Ms. Cruz was a debtor under a federal student loan that was placed into default status.

8.      The loans were subsequently assigned to Performant Recovery for collection.

9.      Performant Recovery contacted Ms. Cruz and offered her the opportunity to enter rehabilitation to cure the default status of her federal student loan.

10.     Performant Recovery sent letters to Ms. Cruz and the Class Members concerning the loan rehabilitation program that provided as an enclosure a document entitled "Roadmap to Student Loan Rehabilitation" ("Student Loan Roadmap").

11.     A true and correct copy of the Student Loan Roadmap is attached hereto and incorporated herein by reference as Exhibit "A."

-2-

12. The Student Loan Roadmap stated that a "[l]oan may be eligible for rehabilitation shortly after 9th consecutive monthly payment" that "missed payments . . . may result in rehabilitation disqualification" ("Disqualification Representation").

13. The Student Loan Roadmap further stated that in order to successfully rehabilitate a student loan a borrower had to "Make NINE (9) CONSECUTIVE, ON TIME MONTHLY payments" (emphasis in original) ("Consecutive Payment Representation").

14. Contrary to the Disqualification Representation and Consecutive Payment Representation in the Student Loan Roadmap, federal law does not require that nine consecutive payments be made for a loan to be rehabilitated. Specifically, 20 U.S.C. §1078-6 provides that nine payments must be made within ten months. Additionally, only nine payments within ten months must be made under 34 C.F.R. §685.212(f) with respect to William D. Ford Federal Direct Loan Program (direct loans) and 34 C.F.R. §682.405(b)(1)(ii) with respect to Family Federal Education Loan Program (FFELP) loans.

## V. CLASS ALLEGATIONS

15. Ms. Cruz brings this action as a class action.

16. The instant action involves the same issues of law and fact that were presented in certified classes against another student loan collector, General Revenue Corporation (" GRC"), in those certain cases styled "*Cheryl Ellis v. General Revenue Corporation;* In the United States District Court for the District of Connecticut, Case No. 3:09-cv-1089" ("Connecticut GRC Class Action") and *Brandee Singleton v. General Revenue Corporation*; In the United States District Court, Southern District of Florida, Case No.:12-20025-CIV-Martinez ("Florida GRC Class Action"). The Connecticut GRC Class Action was certified on March 23, 2011 and was reported

-3-

at <u>Ellis v. General Revenue Corporation</u>, 274 F.R.D. 53 (D.Conn. 2011).  The Florida GRC Class Action was certified as a settlement class on January 14, 2013 and was reported at <u>Singleton v. General Revenue Corporation</u>, 2013 WL 151181 (Fla. S.D. 2013).

17.     Class A is comprised of individuals who are similarly situated to the Plaintiff to whom, within one year of the commencement of this action, Performant Recovery sent such individuals a Student Loan Roadmap as described above.  Niurka Cruz seeks to be the representative for Class A.

18.     Class B is comprised of individuals who are similarly situated to the Plaintiff to whom, within two years of the commencement of this action, Performant Recovery sent them a Student Loan Roadmap to an address within the State of Florida as described above.  Niurka Cruz seeks to be the representative for Class B.

19.     The proposed Classes are so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the classes, although this information is known by Performant Recovery and is readily ascertainable in discovery. Based upon information readily available concerning Performant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are thousands of individuals in the classes.

20.     There is a community of interest among the members of the proposed Classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members.

21.     Plaintiff's claims are typical of those of the Classes she seeks to represent.

22.     Plaintiff is represented by counsel competent and experienced in both consumer

-4-

protection and class action litigation.

23.     The common questions of law and fact predominate over any individual questions, in that the Student Loan Roadmap is a form document, and any individual questions are subordinate to the common questions of whether Performant Recovery violated the FDCPA or FCCPA by misrepresenting the Class Members' rehabilitation rights.

24.     A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for Performant. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION - CLASS A CLAIMS
(Violation of 15 U.S.C. §1692 *et. seq.*)

25.     Ms. Cruz realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

26.     At all times material hereto, Ms. Cruz was a "consumer" as said term is defined 15 U.S.C. §1692a(3).

27.     At all times material hereto, any monies purportedly owed under the federal student loan constituted a "debt" as said term is defined 15 U.S.C. §1692a(5).

28.     At all times material hereto, Performant Recovery was a "debt collector" as said term is defined 15 U.S.C. §1692a(6).

29.     Pursuant to 20 U.S.C. §1078-6(a)(1) and 34 C.F.R. §682.405(b)(1)(ii), the terms of a loan rehabilitation agreement must allow for the required nine payments to be made within a ten month period.

30.     Performant Recovery violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments were to be made. Performant's violations include but are not limited to the following:

        a.      the false representation of the time in which payment could be received to qualify for rehabilitation, in violation of 15 U.S.C.§1692e(10);

        b.      the false representation of the character, amount or legal status of the debts, in violation of 15 U.S.C. §1692e(2)(a); and

        c.      the collection of amounts that were not permitted by law in violation of 15 U.S.C. §1692f(1).

31.     Pursuant to 15 U.S.C. §1692k, Performant Recovery is liable to Plaintiff and the Class A Members to whom it sent the Student Loan Roadmap.

32.     As a result of Performant Recovery's conduct, Plaintiff and the Class A Members are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

33.     Plaintiff and the Class A Members are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

-6-

## SECOND CAUSE OF ACTION - CLASS B CLAIMS
### (Violation of Florida Statutes §§ 559.55 - 559.785, *et. seq.*)

34.     Ms. Cruz realleges and reaffirms the allegations contained in Paragraphs 1 through 24 above as if set forth hereat in full.

35.     At all times material hereto, the monies purportedly owed under the federal student loan constituted a "debt" or "consumer debt" as defined under Florida Statute §559.55(1).

36.     At all times material hereto, the Class Representative was a "debtor" or "consumer debtor" as defined under Florida Statute §559.55(2).

37.     As more particularly described above, Performant Recovery has violated the Florida Consumer Collection Practices Act in that it has asserted the existence of a legal right when it knew that the right did not exist in contravention of Florida Statute §559.72(9), to wit: the right to collect a student loan debt in a manner contrary to federal law as described above.

38.     As a direct and proximate result of the violation of the FCCPA by Performant Recovery, the Class Representative and the Class B Members are entitled to recover actual damages together with an aggregate award of additional statutory damages not to exceed the lesser of $500,000 or 1% of the net worth of Performant Recovery for all remaining class members pursuant to Florida Statute §559.77(2).

39.     Pursuant to Florida Statute §559.77, the Court is empowered to enjoin Performant Recovery from further violation of the Act and to direct such other and further equitable relief as may be necessary and proper.

40.     The Class B Members have sustained an ascertainable loss as a result of Performant's acts.

41.     Pursuant to Florida Statute §559.72(2), Plaintiff and the Class B Members are entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

WHEREFORE, Plaintiff, Niurka Cruz, an individual, prays for relief on behalf of herself and all others similarly situated as follows:

A.      For an order certifying this claim as a class action;

B.      For statutory and actual damages for Class A Members against Performant Recovery pursuant to 15 U.S.C. §1692k;

C.      For statutory and actual damages for Class B Members against Performant Recovery pursuant to Florida Statute §559.77;

D.      For an order preliminarily and permanently enjoining Performant Recovery from engaging in the practices alleged herein;

E.      For pre-judgment interest to the extent permitted by law;

F.      For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to 15 U.S.C. §1692k and Florida Statute §559.72(2); and

G.      For such other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff, Niurka Cruz, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email:rwmurphy@lawfirmmurphy.com
and rphyu@aol.com
Attorney for Plaintiff

# EXHIBIT "A"

# Roadmap to Student Loan Rehabilitation



- Continue making timely monthly payments
- Payments based on loan rehabilitation requirements



- Return SIGNED rehabilitation agreement
- Return COMPLETED Important Information Form



- Keep address and phone number current
- Lender needs current information to service the loan

- Return telephone calls and mail information needed
- Program changes occur requiring follow-up from our representatives



- Loan may be eligible for rehabilitation shortly after 9th consecutive monthly payment and returned signed agreement
- Missed payments or refusal to return agreement may result in rehabilitation disqualification

## WHY REHABILITATE YOUR STUDENT LOAN?

- Your loan will return to a CURRENT status
- You will no longer be subject to offsets on TAX RETURNS or GOVERNMENT PAYMENTS resulting from THIS defaulted loan(s)
- Our client will remove its negative report of this defaulted student loan(s) from all three (3) major credit bureaus.
- You will be eligible to request more TITLE IV LOANS and GRANTS
- You will be eligible to request DEFERMENTS and FORBEARANCES

## WHAT DO I NEED TO DO TO SUCCESSFULLY REHABILITATE MY STUDENT LOAN?

- SIGN and RETURN this REHABILITATION AGREEMENT & Important Information Form
- Make NINE (9) CONSECUTIVE, ON TIME MONTHLY payments
- COMMUNICATE promptly with our firm when contacted by MAIL or TELEPHONE
- CONTINUE to make PAYMENTS to our firm until your loan is rehabilitated and you are notified by the lender servicing your current loan

If you have any questions, call your account representative Jessica Banks at 1-866-209-0803 ext 3719.