UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20815-CIV-ALTONAGA/O'Sullivan

**NIURKA CRUZ**,

    Plaintiff,
v.

**PERFORMANT RECOVERY, INC.**,

    Defendant.
_____/

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

**THIS CAUSE** came before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Motion") [ECF No. 26], filed on August 23, 2014.

Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 26]** is **GRANTED**. The Clerk is directed to mark this case **CLOSED** for administrative purposes only.

2. The Court preliminarily approves the proposed Class Action Settlement Agreement ("Settlement Agreement") [ECF No. 25-1] and preliminarily finds it is fair, reasonable, and adequate.

    a) For the purposes of this Order, the Court adopts by reference the definitions set forth in the Settlement Agreement.

    b) The Court finds (1) based on Defendant's representations of net worth, settlement of this case for a recovery to the Settlement Class of $750,000.00 (the "Settlement Fund") to be divided on a *pro rata* basis among those class members who timely

    submit claim forms constitutes in excess of maximum available statutory damages recovery to a class under the Fair Debt Collection Practices Act and is fair and reasonable; (2) payment from the Settlement Fund to the Class Representative, Niurka Cruz, of $5,000 for damages and for her role in this litigation is fair and reasonable; and (3) a payment from the Settlement Fund to Settlement Class Counsel of reasonable fees and costs to be determined at the time of the Final Approval is fair and reasonable.

  c) If the Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Settlement Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached.  In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Settlement Agreement or herein.

  d) The following class is hereby certified for settlement purposes:

> The approximate 27,000 natural persons in the United States of America who were sent the Student Loan Roadmap or similar letter or communication, as described in paragraph 11 of the Complaint, by Performant Recovery between March 5, 2013 and the date that the Order of Preliminary Approval of Class Action Settlement is entered by the Court.  Excluded from this Class are the persons who timely and validly request exclusion from the Class.

  3.    A Settlement Hearing will be held on **January 7, 2015**, at which the Court will determine whether the Settlement Agreement should receive final approval as fair, reasonable,

and adequate. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

4. The Court approves of the form and content of the Class Notice as proposed in Exhibit C to the Settlement Agreement.

5. No later than 14 days from the date of this Order, Defendant must provide Class Counsel and the Settlement Administrator with the class list in computerized form usable without manual reentry. The Settlement Administrator shall mail the Class Notice (Exhibit C to the Settlement Agreement) by first class mail to Settlement Class Members with Accessible Contact Information. Within **sixty (60) days** of this Order, the Settlement Administrator shall file with the Court and serve upon Settlement Class Counsel an affidavit or declaration stating that the mailings have been completed in accordance with the terms of this Order.

6. The Court finds dissemination of the Class Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23.

7. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating a request for exclusion. The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's Counsel

and to Class Counsel no later than 5 business days before the Settlement Hearing. Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person both files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than 30 days before the Settlement Hearing. Any Person who objects to the Settlement must file a written statement of objections of no more than 15 pages with the Court and deliver same to Class Counsel and Defendant's Counsel. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed prior to the Settlement Hearing. The Class Notice shall state in detail the manner in which a notice of objection should be prepared, filed, and delivered. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

9. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

CASE NO. 14-20815-CIV-ALTONAGA/O'Sullivan

10. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

11. All requests for exclusion (as described in Paragraph 7) shall be filed with the Court and postmarked and served on Class Counsel and Defendant's Counsel on or before **December 8, 2014**. All Change of Address forms must also be received by this date.

12. All Class Member Objections (as described in Paragraph 8) shall be filed with the Court and postmarked and served on Class Counsel and Defendant's Counsel on or before **December 8, 2014**. Objections not filed and served in a timely manner shall be deemed waived.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of August, 2014.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record